OPINION
{¶ 1} Appellant Allan G. Vercellino appeals the trial court's March 27, 2003, Entry denying his Motion to Vacate Void Judgment.
 {¶ 2} No Appellee's brief was filed in this matter.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On November 3, 1997, Appellant was indicted by the Perry County Grand Jury on one count of Having Weapons While Under Disability, in violation of R.C. 2923.13(A)(3), a fifth degree felony. Appellant had previously been convicted of Aggravated Trafficking, in violation of R.C.2925.03(A)(1) in Athens, Ohio, Athen County Common Pleas Court Case No. CR 78-6-41.
 {¶ 4} On November 18, 1997, Appellant was arraigned on said charge and entered a plea of not guilty.
 {¶ 5} On January 20, 1998, Appellant changed his plea to guilty.
 {¶ 6} On February 6, 1998, the trial court sentenced Appellant to five (5) years Community Control, 90 days incarceration, 30 days of which were actual incarceration in the Perry County Jail with the other 60 served as electronically monitored house arrest. Appellant's weapons were also ordered to be seized and forfeited.
 {¶ 7} Appellant came off Community Control on February 5, 2003.
 {¶ 8} On February 6, 2003, an Entry was docketed discharging Appellant from probation and restoring Appellant's civil rights.
 {¶ 9} On March 14, 2003, Appellant filed a motion styled "Motion to Vacate a Void Judgment" arguing that he was not under disability when charged with such because the Athens County Common Pleas Court had restored his civil rights on May 19, 1983, when he was discharged from probation in the Athens County Case, CR 78-6-61, and further requesting reimbursement on the amount of $3,650.00.
 {¶ 10} On March 7, 2003, the trial court denied Appellant's Motion.
 {¶ 11} It is from this decision that Appellant appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 12} "The lower court erred by denying defendant's motion to vacate a void judgment because defendant was never under a disability."
 I. {¶ 13} In his sole assignment of error, Appellant argues that the trial court erred in denying his motion. We disagree.
 {¶ 14} Appellant's assignment of error attacks his conviction and sentence for the Having Weapons While Under Disability charge. We find we have no jurisdiction to address appellant's claims herein
 {¶ 15} Appellant attacks the trial court's February 6, 1998, Judgment Entry sentencing appellant for his crimes. Pursuant to App. R. 4, appellant had thirty days in which to attack said judgment entry. Appellant's attempt to collaterally attack the original judgment entry over five years later is untimely.
 {¶ 16} Appellant's appeal is dismissed for lack of jurisdiction.
Boggins, J., Hoffman, P.J. and Wise, J. concur